# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | | |
|---|---|---|
| Gary Lamont Petty, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:25-cv-00574-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Amy W. Cox, Megan Shropshire, A. Freeman, Barry Barnette, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Gary Lamont Petty, a state prisoner proceeding *pro se* and *in forma pauperis*, (ECF No. 8 at 1), filed this action pursuant to 42 U.S.C. § 1983, (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Now before the court is the magistrate judge's report and recommendation ("Report"), recommending that the court dismiss this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) without prejudice and without issuance and service of process. (ECF No. 8).[1] Plaintiff filed objections to the Report, (ECF No. 13), and additional documents, (ECF No. 14), and this matter is ripe for review.

---

[1] The court must dismiss a complaint filed *in forma pauperis* "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), or "seeks monetary relief from a defendant who is immune from such relief[,]" 28 U.S.C. § 1915(e)(2)(B)(iii). And, under 28 U.S.C. § 1915A, even when a prisoner is not proceeding *in forma pauperis*, the court is required to conduct an early screening of a lawsuit where "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and identify cognizable claims or dismiss the complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(a)–(b).

1

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report *to which a specific objection* is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also

be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460-61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985))).

## DISCUSSION

As outlined in the Report, Plaintiff brought this action against Spartanburg County Clerk of Court Amy W. Cox, deputy clerks of court Megan Shropshire and A. Freeman (collectively "Clerks"), and Spartanburg County Solicitor Barry Barnette Parker ("Solicitor") alleging violations of his First and Fourteenth Amendment rights. (ECF No. 1). According to Plaintiff's complaint, the Clerks failed to notify him when a final order was entered in his state post-conviction relief ("PCR") action and have failed to file and set hearings on his subsequent motions. *Id*. at 15, 19–21. He also alleges the Solicitor has "administratively intervened" with the performance of the Clerks' duties and prevented him from filing "non-frivolous litigations," exercised unconstitutional control over the docket, and responded to his motions with "fraudulent" and inadequate filings. *Id*. Plaintiff seeks monetary relief, a permanent restraining order against the State to "prevent further action that would hinder plaintiff from obtaining relief," and declaratory relief regarding his pending state actions. *Id*. at 36–37. He also asks this court to

3

appoint counsel and "govern the State to timely adjudicate [his] PCR app.[,]" conduct hearings on his pending state court motions, "control Solicitor's actions so that [he can] obtain hearings[,]" and "reset the (1) year filing time limit for [his] claims filed in reference to new evidence[.]" *Id*. at 36.

In the Report, the magistrate judge determined that Defendants are immune from suit and that summary dismissal is appropriate. (ECF No. 8).

As to the Clerks, the magistrate judge found as follows:

> Absolute judicial immunity extends to non-judicial officers, such as clerks of court, "where their duties had an integral relationship with the judicial process." *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) . . . *see also* . . . *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995) (holding that causes of action against clerks of court for negligent conduct impeding access to the courts cannot survive). Plaintiff argues the [C]lerks are not immune from this suit because their alleged wrongdoings—failure to notify Plaintiff of a filing and to schedule hearings—were ministerial in nature. However, absolute qualified immunity covers these exact claims. *See Wiley v. Buncome County*, 846 F.Supp.2d 480, 485 (W.D.N.C. 2012) (finding clerk of court entitled to quasi-judicial immunity for alleged failure to deliver a writ of habeas corpus to the parties and collecting cases); *Lindsey v. Jewett*, C/A No. 3:19-634, 2020 WL 4036198, at *4 (E.D. Va. July 17, 2020) (holding clerk's alleged failure to schedule a timely hearing was shielded by quasi-judicial immunity because "a court's inherent power to control its docket is part of its function of resolving disputes between parties") (internal citations omitted); *Westpoint v. Wilson*, C/A No. 2:11-1480-RMG, 2011 WL 3490262, at *2 (D.S.C. Aug. 9, 2011) (barring claims against county clerk of court where her decisions about when to file a motion and schedule a related hearing were controlled by court rules). Accordingly, Plaintiff's claims for damages against the clerk and her deputies are subject to summary dismissal.

(ECF No. 8 at 3–4).

Plaintiff objects to the magistrate judge's finding that the Clerks are entitled to quasi-judicial immunity, arguing that the alleged misconduct of failing to inform him of the final PCR order, file motions, or set hearings all pertain to ministerial duties. (ECF No. 13 at 2–9). However,

4

"[c]lerks of court are afforded quasi-judicial immunity from suit involving 'tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Wazney v. Campbell*, No. 6:18-cv-2610-HMH, 2018 WL 6065499, at *1 (D.S.C. Nov. 20, 2018), *aff'd sub nom. Wazney v. South Carolina*, 767 F. App'x 562 (4th Cir. 2019) (quoting *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)). Here, the alleged misconduct involved tasks integral to or intertwined with the judicial process. As such, the court agrees with the conclusion in the Report that the Clerks are entitled quasi-judicial immunity. *See Wazney*, 2018 6065499, at *1 ("Filing documents . . . [is] integral to the judicial process." (citing *Wymore v. Green*, No. 06-3395, 2007 WL 2340795, at *3 (10th Cir. 2007))); *Lindsey*, 2020 WL 4036198 at *4 ("[A] court's inherent power to control its docket is part of its function of resolving disputes between parties," so quasi-judicial immunity protects the clerks of court "from civil liability arising out of [their] alleged failure to schedule a timely hearing." (internal quotations omitted)); *Rodriguez v. Weprin*, 116 F.3d 62, 67 (2d Cir. 1997) ("[E]ven if viewed as performing an administrative task, the court clerks are entitled to immunity for harms allegedly related to the delay in scheduling appellant's appeal."); *Arroyo v. Zamora*, No. 3:17-cv-721-FDW-DCK, 2018 WL 1413195, at *4 (W.D.N.C. Mar. 21, 2018) (finding that a plaintiff's allegations that a clerk of court failed to follow law and procedures with regards to its handling of the plaintiff's cases, "including the setting of hearings, provision of notice, and handling of notices of appeal, are duties that are integral to the judicial process . . . [so] quasi-judicial immunity applies and the [clerk of court] is immune from suit."); *Wiley*, 846 F. Supp. 2d at 485, *aff'd,* 474 F. App'x 285 (4th Cir. 2012) (finding a clerk of court was entitled to

quasi-judicial immunity for alleged failure to deliver a writ of habeas corpus to the parties). Based on the foregoing, Plaintiff's objection is overruled.[2]

As to the Solicitor, the magistrate judge found Plaintiff's claims concerning the Solicitor's responses to Plaintiff's motions were related to the Solicitor's prosecution of the case such that the Solicitor is entitled to prosecutorial immunity. (ECF No. 8 at 4–5) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (finding that a state attorney's "activities were intimately associated with the judicial phase of the criminal process, and thus were functions to which the reasons for absolute immunity apply with full force.") Plaintiff objects to this finding, arguing the Solicitor's response did not "relate to the Solicitor's prosecution of Plaintiff as the motions were to be filed with the Judge and scheduled for hearings before the Judge." (ECF No. 13 at 10). This objection is without merit, because in "presenting the State's case, [a] prosecutor is immune from a civil suit for damages under § 1983." *Imbler*, 424 U.S. at 431. The Solicitor's responses to Plaintiff's motions were clearly his presentation of the State's case, so he is entitled to prosecutorial immunity.

The magistrate judge construed Plaintiff's remaining arguments related to the Solicitor as claims that the Solicitor has violated Plaintiff's Fourteenth Amendment right to meaningfully access the courts. (ECF No. 8 at 5). As to any such claims, the magistrate judge noted as follows:

> To raise a plausible claim that a prisoner has been unconstitutionally denied access to the courts, he cannot rely on conclusory allegations. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). Rather, he must show actual injury or prejudice, specifically, that his efforts to pursue his legal claim were hindered. *Lewis* [*v. Casey*], 518 U.S.

---

[2] Furthermore, even assuming the Clerks were not entitled to quasi-judicial immunity, the Fourth Circuit has found actions "under §1983 for negligent conduct that result in a denial of access to the courts" are barred. *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995). Plaintiff makes a conclusory assertion that the actions of the Clerks were intentional and deliberate, but Plaintiff has not alleged facts to support that assertion, so he has failed to raise a cognizable claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> [343, 351 (1996)]; *Cochran*, 73 F.3d at 1317 (citing *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993)).
>
> Here, Plaintiff has not alleged facts supporting his conclusory claim that the Solicitor has blocked his ability to either file or prosecute his claims. In addition, Plaintiff cannot show an actual injury. The court takes judicial notice of three cases currently pending before the Spartanburg County courts: Case Nos. 2009-CP-4207013, 2023-CP-4200710, and 2024-CP-4200410. *See* Spartanburg County Seventh Judicial Circuit Public Index, htpps://publicindex.sccourts.org/Spartanburg/PublicInde/PISearch.aspx (last accessed February 11, 2025) . . . . Plaintiff has actively litigated these three cases, making filings as recently as last August, and pleads no facts plausibly suggesting that any action by the Solicitor has interfered with his access to the courts. Plaintiff's claims for damages against the [S]olicitor are thus subject to summary dismissal.

*Id*. at 5–6.

In his objections, Plaintiff contends this "claim is based upon the Clerk stating that there was a lot of 'moving parts' to scheduling hearings[,]" and he contends the "moving part" "is the Solicitor who intervened with the Clerks ability to perform their duties . . . by having the Clerk not notify Plaintiff of PCR dismissal and not scheduling motions for hearings before a Judge." (ECF No. 13 at 9). This objection is overruled as it is speculative and conclusory. *See Cochran*, 73 F.3d at 1317 (noting "[s]pecificity is necessary [in access to courts claims] so that . . . officials are not required to file unnecessary responses to speculative allegations.") As to the magistrate judge's finding that Plaintiff cannot show actual injury because he has cases pending in state court, Plaintiff argues those actions are "still pending because they have not been properly filed with the Judge and scheduled for hearings." (ECF No. 13 at 12). After a thorough review of the record in this case and the filings in Plaintiff's cases in the Spartanburg County Court of Common Pleas, the court agrees with the magistrate judge's finding that Plaintiff has not shown actual injury. A letter from the Clerk's office informed Plaintiff that he and his family could not see some documents on the public index because they dealt with victims, (ECF No. 14 at 2), however, that does not mean

7

that the motions were not filed. In fact, Plaintiff's complaint acknowledged he received "file stamped copies" of the motions and a letter from a judge indicating the judge received Plaintiff's motion. (ECF No. 1 at 19, 21, 30). A review of the state court records for the Spartanburg County Court of Common Pleas shows that Plaintiff has successfully made filings in multiple cases, including an action filed on September 24, 2025. *See* Spartanburg County Seventh Judicial Circuit Public Index, htpps://publicindex.sccourts.org/Spartanburg/PublicInde/PISearch.aspx (search by case numbers "2019CP420184", "2023CP4200710", "2024CP4200410", and "2025CP4204899") (last visited December 2, 2025). As such, the court agrees with the magistrate judge's finding in the Report that Plaintiff's claims for damages against the Solicitor are subject to summary dismissal.

The magistrate judge also concluded that to the extent Plaintiff seeks relief in the form of an order directing the state court to set hearings and adjudicate claims, such relief is not within this court's authority." (ECF No. 8 at 6) (citing 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff." (emphasis added)). This court agrees. In his objections, Plaintiff contends he is not seeking mandamus relief to compel the judge to set hearings, but he is asking this court to "govern the State (Solicitor) to timely adjudicate PCR App . . . and conduct hearings on juror misconduct claim and Rule 29(b) motions, and control Solicitor's actions so that plaintiff receive[s a] hearing on DNA testing application; reset 1 year filing time limit." (ECF No. 13 at 12). However, those are all functions that would be undertaken by the state court, not the Solicitor, and as noted by the magistrate judge, this court does not have the authority to require such actions. Furthermore, to the extent the Solicitor could

perform such duties, "[t]his court does not have jurisdiction to grant mandamus relief against state officials[.]" *In re Payne*, 305 F. App'x 65, 66 (4th Cir. 2008). As such, this objection is overruled.

Finally, the magistrate judge denied Plaintiff's request for counsel, finding Plaintiff has not shown exceptional or unusual circumstances nor a denial of due process if his request for counsel is denied. (ECF No. 8 at 6–7). Plaintiff does not appear to object to this finding. The court agrees with the magistrate judge and finds no error—clear or otherwise—to disturb this portion of the Report.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections (ECF Nos. 13) are overruled. The court has reviewed the Report under a *de novo* standard and can discern no basis for deviating from the recommendations in the Report. The court agrees with and **ADOPTS** the Report (ECF No. 8), which is incorporated herein by reference. Accordingly, this action is hereby **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
December 5, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.